**JOHN D. SULLIVAN**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**James F. Battin U.S. Courthouse**
**2601 Second Ave. North, Suite 3200**
**Billings, MT 59101**
**Phone: (406) 657-6101**
**FAX: (406) 657-6989**
**Email: John.Sullivan2@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 17-15-BLG-SPW** |
| **Plaintiff,** | |
| **vs.** | **OFFER OF PROOF** |
| **MICHAEL DAVID LANGE,** | |
| **Defendant.** | |

The United States, represented by Assistant U.S. Attorney John D. Sullivan, files the following offer of proof in anticipation of the change of plea hearing set in this case on September 12, 2017.

### THE CHARGES

The defendant, Michael David Lange, is charged by indictment with conspiracy to possess with intent to distribute and to distribute methamphetamine

1

(count I), in violation of 21 U.S.C. § 846, and possession with intent to distribute methamphetamine (count II), in violation of 21 U.S.C. § 841(a)(1).

## PLEA AGREEMENT

There is no plea agreement in this case.  The defendant has indicated that he will plead guilty to the indictment without the benefit of a plea agreement.  In the government's view, this is the most favorable resolution for the defendant.  *See Missouri v. Frye*, 566 U.S. 133 (2012).

## ELEMENTS OF THE CHARGE

In order for the defendant to be found guilty of conspiracy to possess with the intent to distribute and to distribute methamphetamine, as charged in count I of the indictment, in violation of 21 U.S.C. § 846, the United States must prove each of the following elements beyond a reasonable doubt:

> First, there was an agreement between two or more persons to possess with the intent to distribute 500 or more grams of a substance containing a detectable amount of methamphetamine; and

> Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

> In addition, while not a formal element of the offense, the United States must prove beyond a reasonable doubt that the conspiracy involved 500 or more grams of a substance containing a detectable amount of methamphetamine.

> To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of methamphetamine to another person, with or without any financial interest in the transaction.

To distribute methamphetamine means to deliver or transfer possession of methamphetamine to another person, with or without any financial interest in the transaction.

In order for the defendant to be found guilty of possession with intent to distribute methamphetamine, as charged in count II of the indictment, in violation of 21 U.S.C. § 841(a)(1), the United States must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed 500 or more grams of a substance containing a detectable amount of methamphetamine; and

Second, the defendant possessed it with the intent to deliver it to another person.

## PENALTIES

The charges in the indictment each carry a mandatory minimum punishment of ten years to life imprisonment, a $10,000,000 fine, at least five years of supervised release, and a $100 special assessment.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

In September 2016, agents with the Eastern Montana HIDTA task force developed information that the defendant, Michael David Lange, was distributing large quantities of methamphetamine in the Billings area. Around the same time, agents with the Wyoming DCI in Sheridan conducted a buy and bust operation for

four ounces of methamphetamine from individuals who later stated that Lange was their main source of supply in Billings and that Sherry Murphy (CR 17-07-BLG-SPW) was his main distributor.  On October 11, 2016, agents executed a search warrant on Lange's residence.  There, they discovered approximately 1202 grams of methamphetamine, 442 grams of cocaine, and $27,400 in U.S. Currency.

Both Lange and co-defendant Jose Soltero were interviewed by law enforcement.  Soltero admitted to facilitating approximately eight drug deals between Lange and individuals in California.  Lange was interviewed on two occasions and admitted participating in the conspiracy and to obtaining approximately 20 pounds of methamphetamine through Soltero.  Of that total, Lange stated that 17 pounds went to Murphy for redistribution and that he sold the remaining three pounds.

DATED this 11th day of September, 2017.

LEIF M. JOHNSON
Acting United States Attorney


*/s/ John D. Sullivan*
JOHN D. SULLIVAN
Assistant U.S. Attorney

4